IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| Christy Daniel | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. _____ |
| | ) | |
| The Ridge at Hickory, LLC, | ) | JURY TRIAL DEMANDED |
| a Georgia limited liability company, | ) | |
| Tom Martin, individually, and Nancy | ) | |
| Anderson, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Christy Daniel ("Plaintiff"), and brings this action against Defendants, The Ridge at Hickory, LLC, Tom Martin, and Nancy Anderson (collectively "Defendants"), under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") for unpaid minimum wage and overtime compensation.

## PARTIES

1. Plaintiff Christy Daniel is a resident of Pike County, Georgia and is a former employee of Defendants. Plaintiff performed work for Defendants in Pike County in Georgia.

2. Defendant, The Ridge at Hickory, LCC is a Georgia limited liability company that, among other things, operates a restaurant and golf course located in

Meansville, Georgia.  The Ridge at Hickory, LLC operates and conducts business in Pike County, Georgia and is therefore within the jurisdiction of this Court.

3. Defendant Tom Martin is an adult resident citizen of Georgia, who owns and operates The Ridge at Hickory, LLC and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for his employees; and (c) control the finances and operations of the business.  By virtue of having regularly exercised that authority on behalf of The Ridge at Hickory, LLC, Tom Martin is an employer as defined by 29 U.S.C. § 201 *et. seq.*

4. Defendant Nancy Anderson is an adult resident citizen of Georgia who owns and operates The Ridge at Hickory, LLC and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for his employees; and (c) control the finances and operations of the business.  By virtue of having regularly exercised that authority on behalf of The Ridge at Hickory, LLC, Nancy Anderson is an employer as defined by 29 U.S.C. § 201 *et. seq.*

5. This action is brought under the FLSA to recover from Defendants unpaid minimum wages, overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

6. Based upon information and belief, at all material times relevant to this action, Defendants were an enterprise covered by the FLSA as defined by 29

2

U.S.C. §§ 203(r) and 203(s), as it is believed that Defendants had an annual business dollar volume of at least $500,000.00.

7. Defendants are engaged in interstate commerce and were so engaged during Plaintiffs' employment with Defendants.

8. Defendants had two or more employees of the enterprise engaged in commerce or in the production of goods for commerce, had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or had two or more employees who otherwise individually met the traditional test of individual coverage.

9. Plaintiff was individually covered by the FLSA as she engaged in commerce, was involved in the production of goods for commerce, or otherwise utilized the instrumentalities of commerce.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FLSA. This Court has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## FACTS

12.     Plaintiff was employed by Defendants as a kitchen manager from March 3, 2010 through July 27, 2010.

13.     In her job as a kitchen manager, plaintiff handled and sold food that had been moved in interstate commerce.

14.     Plaintiff was an employee of Defendants.

15.     Plaintiff was paid an hourly rate during part of the time she worked for Defendants and was paid a weekly salary for part of the time she worked for Defendants.

16.     Plaintiff's weekly salary was below $455 per week.

17.     Plaintiff worked more than 40 hours in a workweek for one or more workweeks while employed by Defendants.

18.     Defendants did not properly compensate Plaintiff for the hours worked over 40 in a workweek.

19.     Defendants did not pay Plaintiff at least the minimum wage for all hours worked by Plaintiff.

20.     Defendants failed to comply with 29 USC §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of 40 within a workweek.

21. Defendants failed to comply with 29 USC §§ 201-209 because Defendants failed to pay Plaintiff at least the minimum wage for all hours worked by Plaintiff.

22. Upon information and belief, the records – to the extent such records exist – concerning the number of hours worked and amounts paid to Plaintiff are in the possession, custody, or control of Defendants.

## COUNT ONE
## RECOVERY OF OVERTIME COMPENSATION

23. Plaintiff reasserts and incorporates by reference all allegations contained within the previous paragraphs.

24. During her employment with Defendants, Plaintiff worked more than forty (40) hours in one or more workweeks while employed by Defendants.

25. Defendants failed to properly compensate Plaintiff for overtime hours that she worked, in violation of the FLSA.

26. Defendants willfully, intentionally, and/or recklessly failed to properly pay Plaintiff for her overtime hours during one or more weeks of her employment, in violation of the FLSA.

27. Upon information and belief, Defendants' failure to properly compensate Plaintiff for her overtime hours worked was willful and/or reckless, as Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et*

*seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

## COUNT TWO
## FAILURE TO PAY MINIMUM WAGE

28. Plaintiff reasserts and incorporates by reference all allegations contained within the previous paragraphs.

29. Plaintiff was not paid at least the minimum wage for each hour worked while employed by Defendants.

30. Plaintiff was entitled to be paid at least the minimum wage for each hour that she worked throughout her employment with Defendants.

31. Plaintiff expressly demanded proper compensation for hours worked, but she remained uncompensated or under compensated for same.

32. Defendants willfully, intentionally, and/or recklessly failed to pay Plaintiff at least the minimum wage for each hour of service rendered to Defendants during one or more weeks of his employment, in violation of the FLSA.

33. Upon information and belief, Defendants' failure to properly compensate Plaintiff for at least the minimum wage for all hours worked was willful and/or reckless, as Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29

U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

## DAMAGES AND REQUESTED RELIEF

34. As a result of Defendants' intentional, willful, and reckless failure to lawfully compensate Plaintiff at the minimum wage for all hours worked and at time and one half compensation for hours worked over forty (40) in a workweek, Plaintiff has suffered damages and incurred reasonable attorney's fees and costs.

35. As a result of Defendants' intentional, willful, and reckless violation(s) of the FLSA, Plaintiff is entitled to back wages and liquidated damages from Defendants for all hours worked in excess of 40-hours during one or more workweeks within the past 3 years and for all hours worked below the minimum wage.

36. Plaintiff respectfully demands a trial by jury.

WHEREFORE, Plaintiff demands as follows:

a) payment of her overtime wages at the correct rate pursuant to 29 U.S.C. § 207;

b) an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b);

c) declaratory relief pursuant to the DJA and FLSA finding that all hours worked over forty in a workweek should be paid time and one-half of an employees' regular rate of pay as long as an employee is not exempt from the FLSA;

d) pre-judgment and post-judgment interest where applicable;

e) reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and

f) all other relief that the Court deems just and proper.

    Respectfully submitted,

    MORGAN & MORGAN, PA

By:   s/Jennifer M. Bermel
Jennifer M. Bermel, # 794231
2600 One Commerce Square
Memphis, Tennessee 38103
Tel: (901) 333-1844
Fax: (901) 333-1897
Email: jbermel@forthepeople.com
    jross@forthepeople.com

DATED: May 20, 2011